IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENIO S. MATHIS, as Personal
Representative of the ESTATE OF JAMES
RAMIREZ, deceased,

    Plaintiff,

v.                                                                  No. 1:25-cv-00395-MLG-JMR

CORECIVIC OF TENNESEE d/b/a
CORECIVIC, INC.; CIBOLA GENERAL
HOSPITAL, INC.; JOSEPH R. BOUNDS, RN;
JOSHUA LARSON, MD; CORRECTIONAL
MEDICINE ASSOCIATES, P.C. and
KEITH IVENS, MD,

    Defendants.

**DEFENDANT JOSHUA LARSON, M.D.'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND AND MOTION TO STAY
BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS**

Defendant Joshua Larson, M.D., by and through counsel of record, Mayer LLP (Jessica D. Marshall and Veronica N. Mireles), submits this Response to Plaintiff's Motion to Remand and Motion to Stay Briefing on Defendants' Motions to Dismiss [Doc. 13]. In support, Dr. Larson states:

**I.    RESPONSE TO MOTION TO REMAND**

Dr. Larson filed a conditional consent to removal conditioned upon discovery and experts remaining closed in this federal action as they were in the underlying, nearly completed, state action [Doc. 12]. Thus, if the Court is inclined to allow for discovery to be reopened against Dr. Larson and/or allows for additional experts to be obtained, Dr. Larson does not oppose remanding this proceeding back to Judge Aragon in the San Miguel County District Court case. Similarly, if the Court is inclined to maintain the underlying discovery and expert deadlines as expired, Dr.

Larson does not oppose this case remaining before this Court.

## II.   RESPONSE TO MOTION TO STAY

While Dr. Larson takes no position on the jurisdictional issue argued by Plaintiff, Dr. Larson requests this Court deny Plaintiff's Motion for a Stay of any kind in this proceeding. These facts are before three courts right now. This Removed Action is based on the nearly completed State Action, and so it is paramount that this case moves forward and no stay is necessary.

Stalling this case will contribute to a quagmire amongst the relevant pending actions involving these facts and will benefit the procedural gamesmanship that has arisen in the actions. Dr. Larson has filed a Motion to Stay Proceeding in the related federal case, 1:25-cv-00158-DHU-KK, to prevent such a predicament, and to hold Plaintiff to its positions as Plaintiff is making contrary assertions in the various matters that have a direct impact on all the related matters. For example, in the subject Motion, Plaintiff argues that no government action directed the medical judgment and care in this case while they argue the opposite in the other federal case in order to argue that Dr. Larson was a private party acting under color of law, paving the way for judicial and/or collateral estoppel arguments.

On February 13, 2025, one day before the statute of limitations ran and three days before discovery closed in the State Action, Plaintiff brought a federal Complaint for Violations of Rights Under the United States Constitution, Americans with Disabilities Act in 1:25-cv-00158-DHU-KK, and The Rehabilitation Act, alleging *inter alia,* that Dr. Larson acted under of color of law when he was an independent contractor for a staffing agency working at a private hospital emergency department as a *locums tenens* emergency physician and bringing § 1983 claims against him for the same set of facts addressed in all other filed-actions, including this case and the below state action. Dr. Larson filed his Motion to Dismiss Counts VII, VIII, IX, & X & Memorandum in

2

Support on April 25, 2025 [Doc. 6] pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6), due to Dr. Larson being a private actor not acting under color of state law. CoreCivic Defendants also filed a Motion to Dismiss [Doc. 7]. Briefing is still pending; however, Dr. Larson filed a Motion to Stay Proceeding in that case due to the overlapping nature of these cases and the prejudice to judicial economy, the danger of inconsistent rulings, balancing of hardships, and avoidance of piecemeal litigation.

A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding. *See Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.,* 299 U.S. at 254-55, 57 S.Ct. 163. Recognizing that district courts must exercise moderation in issuing stays, the Supreme Court has noted that there are no strict rules for the district court to apply, because "[s]uch a formula ... is too mechanical and narrow." *Landis v. N. Am. Co.,* 299 U.S. at 255, 57 S.Ct. 163. Whether to issue a stay depends greatly on each case's facts and progress. *See S2 Automation LLC v. Micron Technology, Inc.*, 2012 WL 3150412, at *1, 3 ("Ultimately, a stay is unnecessary." The parties had made "significant progress on the disputed matters," and the Court had "issued rulings on many of the motions that Micron Technology contended needed to be resolved before the case proceeded." Instead of granting the discovery stay, the Court extended deadlines that it had previously set in the case based on the case's

increasing complexity.); *see also Benavidez v. Sandia Nat'l Lab'ys*, No. 15-0922, 2016 WL 6404798 (D.N.M. September 27, 2016)(Browning, J.)(denying stay when "[t]here [was] no reason to put the Defendants to the trouble and expense of having to wait and file another motion -- largely regarding the same issues that are already before the Court in the pending Motion to Dismiss -- while the Plaintiffs get all of their ducks in a row"). In this case, the underlying State Action made significantly more progress than the related federal action, placing these cases at risk for inconsistent rulings and undue burdens. Moreover, this case carries a danger of allowing Plaintiff another chance to select experts and relitigate completed discovery on these facts, which is inappropriate and prejudicial. Whether it be in state court or federal court, this case should continue and there is nothing preventing this Court from deciding the jurisdictional merits of this claim in conjunction with CoreCivic Defendants' Motion to Dismiss.

WHEREFORE, Dr. Larson, for the foregoing reasons, requests the Court carefully consider the remand issue and deny Plaintiff's motion for a stay, and for any further relief the Court deems just and proper.

Respectfully submitted,

**MAYER LLP**

Dated: June 6, 2025

/s/ *Jessica D. Marshall*
Jessica D. Marshall
Veronica N. Mireles
4101 Indian School Road NE, Suite 301N
Albuquerque, New Mexico 87110
Telephone: 505.483.1840
Facsimile: 505.483.1841
jmarshall@mayerllp.com
vmireles@mayerllp.com

***Attorneys for Defendant Joshua Larson, M.D.***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 6, 2025, I electronically filed the foregoing pleading with the Clerk of the Court by using the PACER electronic filing system which will serve this pleading upon all persons who have entered appearances in this case.

            /s/ *Jessica D. Marshall*
            Jessica D. Marshall