**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| Estate of JAMES RAMIREZ, Deceased, by EUGENIO MATHIS, Personal Representative of the Estate of James Ramirez, | No. 1:25-CV-000395-MLG-JMR |
| Plaintiff, | |
| v. | |
| CORECIVIC OF TENNESSEE, d/b/a CORECIVIC, INC.; CIBOLA GENERAL HOSPITAL, INC.; JOSEPH R. BOUNDS, RN; JOSHUA LARSON, MD; CORRECTIONAL MEDICINE ASSOCIATES, P.C., and KEITH IVENS, MD, | |
| Defendants. | |

**JOINT STATUS REPORT & PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held by phone on July 3, 2025, at 12:30 PM MST, and was attended by:

1) Elizabeth M. Piazza for Plaintiff;

2) Jacob Lee for CoreCivic Defendants;[1]

3) Veronica Mireles for Dr. Larson.

---

[1] CoreCivic Defendants include CoreCivic, Joseph Bounds, Correctional Medicine Associates, and Dr. Ivens.

**NATURE OF THE CASE**

This action arises from the in-custody death of James Ramirez, a 28-year-old pretrial detainee with diagnosed schizophrenia and a history of psychiatric hospitalizations. Plaintiff asserts medical malpractice, negligence, negligent hiring, training, and supervision, intentional infliction of emotional distress, and civil conspiracy to deny Mr. Ramirez medical care. The Complaint names as Defendants: CoreCivic, Inc., Cibola General Hospital, Inc., Joseph R. Bounds, RN, Joshua Larson, MD, Correctional Medicine Associates, P.C., and Keith Ivens, MD. Defendant Cibola General Hospital, Inc., has been dismissed following settlement of this matter with Plaintiff. Defendants deny liability and all allegations of wrongdoing.

This matter was filed in the Fourth Judicial District Court but was removed to the U.S. District Court for the District of New Mexico by Defendants Correctional Medicine Associates, P.C., and Keith Ivens, MD after Plaintiff added them as Defendants in the First Amended Complaint ("FAC"). Plaintiff filed a Motion to Remand and Stay of Defendant CoreCivic's Motion to Dismiss, which is pending. Defendant CoreCivic has filed a Motion to Dismiss, which is also pending.

The Court, on May 7, 2025, entered an Order to Delay Entry of a Scheduling Order [Doc. 8]. On June 4, 2025, the Court entered an Initial Scheduling Order setting a deadline of July 23, 2025 to file this Joint Status Report.

Nothing in this submission is intended to waive Plaintiff's arguments on subject matter jurisdiction.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff intends to file: nothing at this time

Plaintiff should be allowed until August 25, 2025 to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: nothing at this time.

Defendants should be allowed until September 8, 2025 to move to amend the pleadings or to join additional parties.

## STIPULATIONS

The parties are willing to further stipulate to the following facts:

1. Any further admissions made in the pleadings.

## PLAINTIFF'S CONTENTIONS:

Plaintiff contends that the acts and / or omissions of CoreCivic of Tennessee, Inc. ("CoreCivic"), Correctional Medicine Associates, P.C. ("CMA"), Joshua Larson, Joseph R. Bounds, and Keith Ivens MD, through their employees, staff, and agents, to the serious medical and psychiatric needs of James Ramirez, contributing directly to his preventable and untimely death. At the time of his death, Mr. Ramirez was a 28-year-old man in pretrial detention in the custody of CoreCivic, housed at the Cibola County Correctional Center ("CCCC"). CMA was responsible for providing medical care to detainees at CCCC, and Cibola General Hospital was contracted to deliver emergency medical services to incarcerated individuals. All Defendants were negligent in the care of Mr. Ramirez and their acts and / or omissions resulted in medical malpractice under New Mexico law. Defendants CoreCivic, and CMA were negligent in the hiring, training and supervision of its employees, agents, or contractors.

James Ramirez died on February 15, 2022, following a series of failures that deprived him of basic medical care, psychiatric intervention, and humane treatment. Ramirez had a well-documented diagnosis of paranoid schizophrenia. In early February 2022, CoreCivic placed him in solitary confinement, where he was denied access to antipsychotic medications, mental health assessments, and basic hygiene. On the morning of February 14, while awaiting a scheduled transfer for inpatient psychiatric treatment, he became visibly psychotic and incoherent, thrashing,

hallucinating, and engaging in self-harm. Despite these clear signs of medical emergency, CoreCivic staff restrained him for hours while Dr. Keith Ivens refused to authorize a hospital transfer, instead referring to him dismissively as "a security issue." During this time, supervising nurse Joseph Bounds, correctional officers William Snodgrass and Jason Bullock, and Warden Robert Nilius failed to take any meaningful action, with Bullock refusing to facilitate a drug screen when intoxication was suspected.

After nearly six hours, Ramirez was finally transported to Cibola General Hospital, where emergency department physician Dr. Joshua Larson failed to order basic labs, toxicology, or psychiatric consultation. Instead, Larson administered five heavy sedatives (Ativan, Haldol, and Ketamine) without proper monitoring or informed consent. Despite abnormal vitals indicating acute distress, Larson discharged Ramirez back to CCCC still sedated and unstable. There was no communication or care coordination with correctional medical staff. Upon return, Ramirez was unable to sit up and was transported by gurney to a solitary cell without medical monitoring. Ramirez was found unresponsive the following day and was pronounced dead shortly thereafter.

Ramirez was denied basic stabilizing care and psychiatric treatment due to a systemic culture of cost-cutting, neglect, and disregard for the humanity of incarcerated individuals. Defendants acted not with medical judgment but with gross negligence and institutional cruelty.

Plaintiff seeks damages for conscious pain and suffering leading to death, loss of chance, and hedonic loss, as well as punitive damages to punish and deter similar future misconduct by Defendants and others.

## DEFENDANTS' CONTENTIONS

### CoreCivic Defendants:

Defendants CoreCivic of Tennessee d/b/a CoreCivic, Inc. ("CoreCivic"), Correctional Medicine Associates, P.C. ("CMA"), Joseph Bounds ("Bounds"), and Chief Medical Officer Keith

Ivens ("Dr. Ivens") (collectively, "CoreCivic Defendants") moved to dismiss Counts IV through VII of Plaintiff's First Amended Complaint against them on May 2, 2025. (Dkt. 3.) They will file an Answer as to any claims against them that survive following the Court's ruling on the Motion.

At all relevant times, James Ramirez was a United States Marshals Service ("USMS") detainee being held at CCCC, which CoreCivic owns and operates pursuant to an intergovernmental service agreement with USMS. On February 14, 2022, Ramirez was scheduled to be transferred out of CCCC, but he was pulled from transport after being observed in Receiving and Discharge to be unable to stand and slurring his words, suggesting he was under the influence of drugs or alcohol. Ramirez was placed in medical observation for several hours, where he was initially strapped to a gurney. When he kept getting tangled in the straps, he was moved to a mattress on the floor. When he kept trying to sit and stand up, falling and causing himself injury, staff entered the cell and held him down to keep him from further injuring himself. Ramirez was transported to Cibola General Hospital ("CGH") at 12:52 p.m.

At CGH, Dr. Larson noted that Ramirez appeared intoxicated and that his breath smelled of alcohol, but he did not order any blood tests, toxicology, or drug screens. CT scans of Ramirez's head, face, and cervical spine revealed no serious injuries (Dr. Larson ordered that Ramirez be given several doses of Ativan and Haldol, followed by ketamine, to calm him down so the scans could be completed). Ramirez was diagnosed with facial contusion, nasal facture, abrasions of multiple sites, knee pain, and shoulder pain, and his discharge instructions stated that he should follow up with his primary care provider within 1–2 days.

Ramirez returned to CCCC at approximately 6:46 p.m. on February 14, 2022. He was placed in the Restrictive Housing Unit ("RHU"), in which rounds occur approximately every 30 minutes, because medical observation was full. Ramirez remained in RHU through the night and into February 15, 2022. In the late afternoon, Dr. Ortiz wrote an order for 1:1 constant observation

and instructed Nurse Odigie to print out a door sheet and take it to RHU. At 4:55 p.m., Nurse Odigie found Ramirez non-responsive in his cell. Lifesaving measures were started, but Ramirez was declared deceased by Dr. Larson via telephone with EMS at CCCC at 5:40 p.m. CoreCivic Defendants deny all liability and all allegations of wrongdoing. CoreCivic Defendants further contend that Ramirez's death was not foreseeable, and Plaintiff has not identified any experts who can opine as to the cause of death to a reasonable degree of medical probability.

**Defendant Larson:**

Dr. Larson denies liability and all allegations of wrongdoing. Dr. Larson has pending motions for summary judgment in the state court proceeding that may be supplemented. Dr. Larson has granted conditional consent to this proceeding, conditioned upon the underlying discovery and expert deadlines remaining closed as to Dr. Larson.

Dr. Larson was a private actor working as an independent contractor and *locum tenens* emergency room physician in Cibola General Hospital's emergency department when Mr. Ramirez presented as a patient via prison transport from CoreCivic in Grants, New Mexico, on February 14, 2022. Facially, the factual allegations amount to medical negligence by a private actor.

Dr. Larson's examination, treatment, and care was complete, adequate, and appropriate with no violations of informed consent. On February 14, 2022, Mr. Ramirez was demonstrating agitation. He was taken to the medical observation cell and physically restrained at the CoreCivic facility. Approximately five hours later, he was taken to Cibola General Hospital's emergency department. He was seen by Dr. Larson at about 13:43. After Dr. Larson completed a thorough history and physical examination, Mr. Ramirez received appropriate medications to assist with sedation for necessary radiographic imaging. Imaging revealed no life-threatening injuries, which

was confirmed on autopsy. There was no indication for a blood or urine drug test in the emergency room and such testing would have no material impact on patient management, testing, disposition, or treatment decisions. The standard of care did not require such drug testing. Moreover, the medications that were necessary in the emergency room were not contraindicated and played no causal role in Mr. Ramirez' death. Further cardiac workup would not have revealed any significant findings. Mr. Ramirez was appropriately discharged in stable condition back to the CoreCivic Facility in a medically stable condition to be followed up by his care providers at the prison. On February 15, 2022, Mr. Ramirez was unresponsive and pronounced dead at 17:40. Post-mortem examination on February 16, 2022, revealed that the cause of death was undetermined. To date, no cause of death has been determined and causation cannot be determined in this action.

Dr. Larson contends he has pending motions for summary judgment from the state proceeding that the state court allowed to be supplemented.

### PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**Plaintiff**

1. Initial Disclosures (exchanged by ) August 15, 2025.

2. Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

3. Maximum of 25 requests for production by each party to any other party. (Response due 30 days after service).

4. Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

5.  Maximum of 10 depositions by Plaintiff and 10 by each set of Defendants.  Defendant sets are defined as groups of defendants represented by an attorney.

6.  Each deposition limited to maximum of four (4) hours for non-party lay witnesses and seven (7) hours for parties and experts unless extended by agreement of parties.

7.  Reports from retained experts under Rule 26(a)(2) due.

    a.  from Plaintiff(s) by October 31, 2025; and

    b.  from Defendant(s) by December 1, 2025.

8.  All discovery commenced in time to be completed by: January 29, 2026.

9.  Other Items: Dispositive motions shall be filed by March 2, 2026.  This includes Daubert motions.

10. Discovery will be needed on the following subjects: Plaintiff's claims; Defendants' defenses; and damages. Plaintiff will be seeking to discover CoreCivic's internal investigation of the circumstances surrounding Mr. Ramirez's death.

**CoreCivic Defendants[2]**

1.  Initial Disclosures (exchanged by August 1, 2025)

2.  Maximum of 25 interrogatories by each party group[3] to any other party group.  (Responses due 30 days after service).

3.  Maximum of 25 requests for production by each party group to any other party group. (Response due 30 days after service).

4.  Maximum of 25 requests for admission by each party group to any other party group. (Response due 30 days after service).

---

[2] As will be explained more fully in the Exceptions section below, CoreCivic Defendants object to any new discovery or disclosure of expert opinions other than discovery/expert opinions regarding the two parties—CMA and Dr. Ivens—added in Plaintiff's FAC.

[3] A "party group" refers to one or more parties represented by the same counsel.

5.  Maximum of 10 depositions by each party group.

6.  Each deposition limited to maximum of four (4) hours for non-party lay witnesses and seven (7) hours for parties and experts unless extended by agreement of parties.

7.  Reports from retained experts under Rule 26(a)(2) due:

    a.  from Plaintiff(s) by October 31, 2025; and

    b.  from Defendant(s) by December 1, 2025.

8.  All discovery commenced in time to be completed by January 29, 2026.

9.  Other Items: Dispositive motions shall be filed by March 2, 2026.  This includes Daubert motions.

10. Discovery will be needed on the following subjects: Plaintiff's claims against Defendants CMA and Dr. Ivens; Defendants' CMA's and Dr. Ivens' defenses; and damages. related to Plaintiff's claims against Defendants CMA and Dr. Ivens

**Defendant Larson**

1.  Initial Disclosures (exchanged by ) *Not applicable due to procedural posture and exchange of and close of discovery in the underlying state proceeding.*

2.  Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

3.  Maximum of 25 requests for production by each party to any other party. (Response due 30 days after service).

4.  Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

5.  Maximum of 10 depositions by Plaintiff and 10 by each set of Defendants.  Defendant sets are defined as groups of defendants represented by an attorney.

6. Each deposition limited to maximum of four (4) hours for non-party lay witnesses and seven (7) hours for parties and experts unless extended by agreement of parties.

7. Reports from retained experts under Rule 26(a)(2) due, *with exceptions to this by Dr. Larson:*

    a.   from Plaintiff(s) by October 31, 2025; and

    b.   from Defendant(s) by December 1, 2025.

8. All discovery commenced in time to be completed by: January 29, 2026, *with exceptions by Dr. Larson.*

9. Other Items: Dispositive motions shall be filed by March 2, 2026.  This includes Daubert motions.

10. Discovery will be needed on the following subjects: Plaintiff's claims; Defendants' defenses; and damages. Plaintiff will be seeking to discover CoreCivic's internal investigation of the circumstances surrounding Mr. Ramirez's death. Dr. Larson asserts that discovery on these same facts has already been concluded in the state action and expert disclosures and fact discovery should not be reopened, however, defense expert depositions may still be taken.

**<u>WITNESSES</u>**

**<u>PLAINTIFF'S WITNESSES</u>**

1.   Teresa Saldana, 41 Country Wood Drive, Pamona, CA 91766, (323) 984-3152. Ms. Saldana may be called to testify to, among other things, her knowledge of Mr. Ramirez and his background.

2.   Mallory Ramirez, 6847 West Holly Street, Phoenix, AZ 85035, (323) 842-0847. Ms. Ramirez may be called to testify to, among other things, her knowledge of Mr. Ramirez and his background.

3.   Dolly Saldana, 6847 West Holly Street, Phoenix, AZ 85035, (623) 235-1274. Ms. Saldana may be called to testify to, among other things, her knowledge of Mr. Ramirez and his background.

4.   Keith Ivens, MD, c/o Debora J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887 and c/o Jacob B. Lee and Anne Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600. Dr. Ivens may testify about the incidents in Plaintiff's complaint, his duties at Cibola County Correctional Center and other facilities, his training and employment, and his understanding of policies and procedures that are at issue in this case.

5.   Joseph Bounds c/o Debora J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887 and c/o Jacob B. Lee and Anne Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600. Mr. Bounds may testify about the incidents in Plaintiff's complaint, his duties at Cibola County Correctional Center, his training and employment, and his understanding of policies and procedures that are at issue in this case.

6.   William Snodgrass, c/o Debora J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887 and c/o Jacob B. Lee and Anne Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600. Mr. Snodgrass may testify about the incidents in Plaintiff's complaint, his duties at Cibola County Correctional Center, his training and employment, and his understanding of policies and procedures that are at issue in this case.

7.   Jason Bullock, c/o Debora J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887 and c/o Jacob B. Lee and Anne Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600. Mr. Bullock may testify about the incidents in Plaintiff's complaint, his duties at Cibola County Correctional Center, his training and employment, and his understanding of policies and procedures that are at issue in this case.

8.   Warden Robert Nilius, c/o Debora J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887 and c/o Jacob B. Lee and Anne Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600. Mr. Nilius may testify about the incidents in Plaintiff's complaint, his duties at Cibola County Correctional Center, his training and employment, and his understanding of policies and procedures that are at issue in this case.

9.   The following staff at Cibola County Correctional center may be called testify as to their knowledge of the events in Plaintiff's complaint, treatment of Mr. Ramirez, policies and procedures, training, hiring, and retention at Cibola County Correctional Center, c/o Debora J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887 and c/o Jacob B. Lee and Anne Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600.

| | |
|---|---|
| Anna Ortiz, M.D. | Burkhalter, APN |
| Nurse Luckey | Sgt. Villas |
| Nurse Venetta | G. McCoy, Detention Management |
| Nurse McGowan | Inspector |
| Nurse Odijie/Odigue | Fidencia Rivera, Senior Director, |
| Nurse Kenneth | Partnership Relations |
| Nurse Pena | (unknown) Nelson |
| Nurse Bennet | (unknown) Mirabal |
| Nurse Grant | Detention Officer Chavez |
| Nurse Brown | (unknown) Dominguez |
| Nurse Abeyta | (unknown) Dunning |
| LPN Arias | (unknown) Keeton |
| Health Services Administrator Woods | (unknown) Condon |
| K. Abeita | (unknown) Harris |
| Officer K. Payton | (unknown) Ekonye |
| Officer H. Jake | (unknown) Desmare |
| Recreation Supervisor P. Tso | (unknown) Kaplan |

10. Corporate Representatives of CoreCivic, c/o Debora J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887 and c/o Jacob B. Lee and Anne Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600. These witnesses are expected to testify about CoreCivic's procedures and policies, corporate structure, contracting

and hiring practices, training, retention, oversight of employees and contractors, drug-related incidents at Cibola County Correctional Center and related policies and responsive measures, policies and procedures surrounding inmate segregation, medical services, for investigations into inmate deaths, and any other 30(B)(6) topics presented.

11. Joshua Larson, MD, c/o Veronica Mireles and Jessica D. Marshall, Mayer LLP, 4101 Indian School Road, NE, Suite 301-N, Albuquerque, NM 87110, (505) 483-1840. Dr. Larson is expected to testify about his knowledge of the events in Plaintiff's complaints, his background, training, and employment, and the procedures and policies at issue in this case.

12. Cibola General Hospital Corporate Representatives and Medical Personnel, including Mark Depper, David J. Filmore, MD, Megan Catambay, Michelle Schneider, Yvette Marquez, and potentially others, c/o c/o Denise M. Chanez and Patrick A. Coronel, 5600 Wyoming Blvd., NE Suite 200, Albuquerque, NM 87109, (505) 340-3443. These witnesses are expected to testify as to any 30(B)(6) topics presented.

13. Milan Police Department investigators and other investigating authorities, 619 Uranium Avenue, Milan, NM 87021, (505) 285-3466. Such witnesses may be called to testify regarding their investigation of the death of Mr. Ramirez.

14. Milan Fire Department, Inc./EMS, 801 Motel Drive, Milan, NM 87021, (505) 287-7366, These witnesses may be called to testify regarding their involvement in response to Mr. Ramirez death, among other things.

15. Representatives of USMS/USDOJ, including but not limited to: (unknown) Nevarez, Supervisor Operations, USMS/USDOJ and (unknown) Kilgore, Administrative Support Specialist, U.S. Marshals Service. These witnesses may be called to testify regarding his knowledge of the allegations contained in the Complaint, including but not limited to post-death investigation, among other things.

16. Any witnesses identified by the parties or through the discovery process.

17. Rebuttal witnesses as necessary.

18. Any and all custodian of records for any records in question, who may testify as to the authenticity of any such records, and whose records will serve as reports. None of these persons have been specifically retained by the parties. The addresses of these individuals are unknown at this time;

19. Any witnesses needed for impeachment.

20. As discovery is ongoing, Plaintiff reserves the right to disclose additional fact witnesses whose identities are not reasonably foreseeable at this time or whose identities are learned in discovery, in accordance with the deadlines established by this Court.


**DEFENDANTS' WITNESSES**

**CORECIVIC DEFENDANTS' WITNESSES**

1. Plaintiff Eugenio S. Mathis, c/o Parrish Collins and Francheska Bardacke, Collins & Collins, P.C. P.O. Box 506, Albuquerque, NM 87103, (505) 242-5958 and Elizabeth M. Piazza, Guerbert Gentile & Piazza, P.C., P.O. Box 93880, Albuquerque, NM 93880, (505) 823-2300. Mr. Mathis is expected to testify about the events giving rise to this lawsuit, alleged damages, and any other relevant matters.

2. Joseph Bounds, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. Mr. Bounds is expected to testify regarding his involvement in the subject incident occurring on February 14, 2022, and consistent with any reports he authored concerning that incident. He is also expected to testify

regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC. He is also expected to testify regarding any documents that he signed, reviewed, or authored regarding Decedent. Mr. Bounds is further expected to testify consistent with his deposition testimony given in the state case prior to the filing of the FAC and removal.

3. Keith Ivens, MD, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. Dr. Ivens is expected to testify regarding his knowledge of Decedent's medical condition(s) and his decision to send him out to the hospital for medical treatment on February 14, 2022. He is also expected to testify regarding any documents that he signed, reviewed, or authored regarding Decedent.

4. T. Chavez, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. T. Chavez was employed by CoreCivic as a Detention Officer ("DO") at CCCC at all times relevant to Plaintiff's Complaint. He is expected to testify regarding his involvement in the subject incident occurring on February 15, 2022, and consistent with any reports he authored concerning that incident. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

5. W. Snodgrass, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. W. Snodgrass was employed by CoreCivic as a Shift Supervisor at CCCC at all times relevant to the FAC. He is

expected to testify regarding his involvement in the subject incidents occurring on February 14, 2022 and February 15, 2022, and consistent with any reports he authored concerning those incidents, including his 5-1C Incident Statement. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

6.    I. Odigie, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. I. Odigie is a Registered Nurse ("RN") and was employed as such at CCCC at all times relevant to the FAC. RN Odigie is expected to testify regarding his involvement in the subject incident occurring on February 15, 2022, and consistent with any reports he authored concerning that incident. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC.

7.    D. Cole, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. D. Cole was employed as the Security Threat Group Officer at CCCC at all times relevant to the FAC. Mr. Cole is expected to testify regarding his involvement in the subject incident occurring on February 14, 2022, and consistent with any reports he authored concerning that incident. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

8.   J. Bullock, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. J. Bullock was employed as a Shift Supervisor at CCCC at all times relevant to the FAC. Mr. Bullock is expected to testify regarding his involvement in the subject incident occurring on February 15, 2022, and consistent with any reports he authored concerning that incident, including the 5-1A Incident Report. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

9.   B. Bitsoi, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. B. Bitsoi was employed as the Safety Manager at CCCC at all times relevant to the FAC. Mr. Bitsoi is expected to testify regarding his involvement in the subject incident occurring on February 14, 2022, and consistent with any reports he authored concerning that incident, including his 5-1C Incident Statement. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

10. K. Abeita, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. K. Abeita is an RN and was employed at CCCC at all times relevant to the FAC. RN Abeita is expected to testify regarding her involvement in the subject incident occurring on February 15, 2022, and consistent with any reports she authored concerning that incident, including her 5-1C Incident Statement. She is also

expected to testify regarding any interactions or communications she had with Decedent, as well as her knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC.

11. N. Arias, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. N. Arias is a Licensed Practical Nurse ("LPN") and was employed at CCCC at all times relevant to the FAC. LPN Arias is expected to testify regarding his involvement in the subject incident occurring on February 15, 2022, and consistent with any reports he authored concerning that incident, including his 5-1C Incident Statement. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC.

12. K. Bowekaty, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. K. Bowekaty was employed as a DO at CCCC at all times relevant to the FAC. Mr. Bowekaty is expected to testify regarding his involvement in the subject incident occurring on February 14, 2022, and consistent with any reports he authored concerning that incident, including his 5-1C Incident Statement. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

13. C. Grant, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. C. Grant is an LPN and was

employed at CCCC at all times relevant to the FAC. LPN Grant is expected to testify regarding her involvement in the subject incident occurring on February 15, 2022, and consistent with any reports she authored concerning that incident, including her 5-1C Incident Statement. She is also expected to testify regarding any interactions or communications she had with Decedent, as well as her knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC.

14. L. Kenneth, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. L. Kenneth was employed as a DO at CCCC at all times relevant to the FAC. Ms. Kenneth is expected to testify regarding her involvement in the subject incidents occurring on February 14, 2022 and February 15, 2022, and consistent with any reports she authored concerning those incidents, including her 5-1C Incident Statement. She is also expected to testify regarding any interactions or communications she had with Decedent, as well as her knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

15. F. Lente, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. F. Lente was employed as a DO at CCCC at all times relevant to the FAC. Mr. Lente is expected to testify regarding his involvement in the subject incident occurring on February 15, 2022, and consistent with any reports he authored concerning that incident, including his 5-1C Incident Statement. He is also expected to testify regarding any interactions or communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

16. C. Luckey, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. C. Luckey is an RN and was employed at CCCC at all times relevant to the FAC. RN Luckey is expected to testify regarding her involvement in the subject incidents occurring on February 14, 2022 and February 15, 2022, and consistent with any reports she authored concerning those incidents. She is also expected to testify regarding any interactions or communications she had with Decedent, as well as her knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC.

17. V. Pena, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. V. Pena is an LPN and was employed at CCCC at all times relevant to the FAC. LPN Pena is expected to testify regarding her involvement in the subject incident occurring on February 15, 2022, and consistent with any reports she authored concerning that incident. She is also expected to testify regarding any interactions or communications she had with Decedent, as well as her knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC.

18. E. Valles, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. E. Valles was employed as a Senior Detention Officer ("SDO") at CCCC at all times relevant to the FAC. Mr. Valles is expected to testify regarding his involvement in the subject incidents occurring on February 14, 2022 and February 15, 2022, and consistent with any reports he authored concerning those incidents, including his 5-1C Incident Statement. He is also expected to testify regarding any interactions or

communications he had with Decedent, as well as his knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

19. D. Venetta, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. D. Venetta is an RN and was employed at CCCC at all times relevant to the FAC. RN Venetta is expected to testify regarding her involvement in the subject incident occurring on February 14, 2022, and consistent with any reports she authored concerning that incident, including her 5-1C Incident Statement. She is also expected to testify regarding any interactions or communications she had with Decedent, as well as her knowledge of Decedent's medical history, and any other matters relevant to the allegations in the FAC.

20. H. Jake, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. H. Jake was employed as a DO at CCCC at all times relevant to the FAC. Ms. Jake is expected to testify regarding her involvement in the subject incident occurring on February 15, 2022, and consistent with any reports she authored concerning that incident, including her 5-1C Incident Statement. She is also expected to testify regarding any interactions or communications she had with Decedent, as well as her knowledge of Decedent's institutional, behavioral, and disciplinary history, and any other matters relevant to the allegations in the FAC.

21. Teresa Saldana, 41 Country Wood Drive, Pomona, CA 91766, (323) 984-3152. Ms. Saldana is Decedent's sister. She is expected to testify regarding the allegations in the FAC. Ms. Saldana is expected to testify regarding her relationship with Decedent, Decedent's institutional, medical, and criminal history, and Decedent's relationship with his family, if any.

22. Mallory Ramirez, 6847 West Holly Street, Phoenix, AZ 85035, (623) 235-1274. Ms. Ramirez is Decedent's sister. She is expected to testify regarding the allegations in the FAC. Ms. Ramirez is expected to testify regarding her relationship with Decedent, Decedent's institutional, medical, and criminal history, and Decedent's relationship with his family, if any.

23. Dolly Saldana, 6847 West Holly Street, Phoenix, AZ 85035, (623) 235-1274. Ms. Saldana is Decedent's mother. She is expected to testify regarding the allegations in the FAC. Ms. Saldana is expected to testify regarding her relationship with Decedent, Decedent's institutional, medical, and criminal history, and Decedent's relationship with his family, if any.

24. Joshua Larson, MD, c/o Veronica N. Mireles and Jessica D. Marshall, 4101 Indian School Rd NE, Suite 301N, Albuquerque, NM 87110, (505) 483-1840. Dr. Larson is expected to testify regarding the allegations in the FAC. Dr. Larson is expected to testify regarding his medical examination, diagnosis, and treatment of Decedent on February 14, 2022. He is also expected to testify regarding any documents that he signed, reviewed, or authored regarding Decedent.

25. Cibola General Hospital, Inc., and its nurses, technicians, providers, and representative(s), including but not limited to: Megan Catamby, Michelle Schneider, David J. Fillmore, MD, Christopher Creel, MD, and Mark Depper, MD, c/o Denise M. Chanez and Patrick A. Coronel, 5600 Wyoming Blvd., NE, Suite 200, Albuquerque, NM 87109, (505) 340-3443. The healthcare providers listed are expected to testify regarding the allegations in the FAC, as well as their medical examination and treatment of Decedent on February 14, 2022. They are also expected to testify regarding any documents that they signed, reviewed, or authored regarding Decedent.

26. Lauren A. Decker, MD, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Dr. Decker is the medical examiner who performed Decedent's autopsy on February 16, 2022. Dr. Decker is expected to testify consistent with the Postmortem Examination Report (OMI Case Number 2022-01495) she

prepared on May 17, 2022. Dr. Decker is also expected to testify regarding her opinions on Decedent's cause of death and the basis for her opinions, including but not limited to, the investigative history as available to her and the forensic examination findings.

27. Aidan Kerr, MD, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Dr. Kerr assisted Dr. Decker with Decedent's autopsy on February 16, 2022. Dr. Kerr is expected to testify consistent with the Postmortem Examination Report (OMI Case Number 2022-01495) prepared by Dr. Decker on May 17, 2022. Dr. Kerr is also expected to testify regarding his opinions on Decedent's cause of death and the basis for his opinions, including but not limited to, the investigative history as available to him and the forensic examination findings.

28. Janice L. Blevins, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Ms. Blevins is a Central Office Investigator with the NM Office of the Medical Investigator. Ms. Blevins is expected to testify consistent with her investigation of Decedent's death associated with OMI Case Number 2022-01495. She is also expected to testify regarding any documents that she signed, reviewed, or authored regarding Decedent.

29. LaDerna Hassell, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Ms. Hassell is a Field Investigator with the NM Office of the Medical Investigator. Ms. Hassell is expected to testify consistent with her investigation of Decedent's death associated with OMI Case Number 2022-01495. She is also expected to testify regarding any documents that she signed, reviewed, or authored regarding Decedent.

30. Without waiving any objections, any and all witnesses identified in records disclosed by any party.

31. All witnesses discovered between now and the time of trial.

32. Any and all foundational witnesses, including custodians of records, necessary to lay foundation for the admissibility of evidence at trial.

33. Without waiving any objections, any and all witnesses listed by another party, even if later withdrawn.

34. Without waiving any objections, all witnesses listed or identified in responses to interrogatories or other discovery in this action.

35. All persons who are deposed in this action or in Fourth Judicial District Case No. D-412-CV-2023-00241.

36. As discovery is ongoing, CoreCivic Defendants reserve the right to disclose additional fact witnesses whose identities are not reasonably foreseeable at this time or whose identities are learned in discovery, in accordance with the deadlines established by this Court.


**DR. LARSON'S WITNESSES**

1.      Teresa Saldana, decedent's sister
        Alex Ramirez, decedent's father
        Dolly Saldana, decedent's mother
        Eugenio S. Mathis, personal representative for the Estate of James Ramirez
        c/o Collins & Collins, PC
        PO Box 506
        Albuquerque, NM 87103
        505.242.5958

        And

        Guebert Gentile & Piazza PC
        PO Box 93880
        Albuquerque, NM 87199
        505.823.2300

The family and personal representative of Mr. Ramirez are expected to testify regarding the facts and circumstances of Mr. Ramirez' life, incarceration, death, mental and health care, the

facts underlying the claims and defenses in this matter, and any facts relevant to this matter within their personal knowledge.

 2. Joshua Larson, M.D.
  c/o Mayer LLP
  4101 Indian School Rd. NE, Suite 301N
  Albuquerque, New Mexico 87110
  505.483.1840

Dr. Larson is expected to testify consistent with any deposition testimony he may give regarding the incident that forms the basis of the Complaint, Plaintiffs' alleged claims and damages, the care and treatment provided to James Ramirez, and the defenses being asserted.

 3. Correctional Officers, Administrative Personnel, Medical/Behavioral Providers and/or Representatives of CoreCivic of Tennessee, including but not limited to:

  W. Snodgrass, Shift Supervisor
  A. Ortiz, M.D.
  Dr. Ivens
  D. Venetta, RN
  V. Pena, RN
  C. Grant, RN
  C. Luckey, RN
  K. Abieta RN
  I. Odigie RN
  N Arias, LPN
  McGowan, RN
  Burkhalter APN
  Coyle, LPCC
  P. Marquez
  Safety Manager B Bitsoi
  Warden J. Dominguez
  E. Valles, Detention Officer
  S. Kenneth, Detention Officer
  H. Jake, Detention Officer
  D. Cole, Detention Officer
  G. King, Detention Officer
  E. Lujan, Detention Officer
  R. Garcia, Detention Officer
  K. Bowekaty, Detention Officer
  Shift Supervisor Delgarito

  c/o STRUCK LOVE ACEDO, PLC
  3100 West Ray Road, Suite 300

25

Chandler, AZ 85226
(480) 420-1600

And
c/o KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro N.E., Bldg. 3, Suite 200
Albuquerque, NM 87110
(505) 844-7887

Correctional Officers, Administrative Personnel, Medical and/or Behavioral Healthcare providers, and/or representative(s) at CoreCivic may testify consistent with any deposition testimony they may give regarding the claims being made, the defenses being asserted, the care and treatment CoreCivic provided to James Ramirez, facts regarding Mr. Ramirez' incarceration, and all other information within their knowledge. One of more current and/or former representatives of CoreCivic may also be called to testify regarding the medical and/or behavioral care James Ramirez received at CoreCivic, policies and procedures of CoreCivic, the events and circumstances alleged in the Complaint, the claims and defenses asserted in this case, and any other issues related to or arising from this matter.

4.      Cibola General Hospital, Inc. ("Cibola"), their nurses, technicians, and other
        providers as well as representative(s), including but not limited to:
        Megan Catambay
        Michelle Schneider
        David J. Fillmore, M.D.
        Christopher Creel, M.D.
        Mark Depper, M.D.
        1016 E. Roosevelt Ave.
        Grants, NM 87020
        (505) 287-4446

Healthcare providers at Cibola may testify consistent with any deposition testimony they may give regarding the claims being made, the defenses being asserted, the care and treatment provided to James Ramirez at Cibola, and all other relevant information within their knowledge. One of more current and/or former representatives of Cibola may also be called to testify regarding the care and treatment James Ramirez received at Cibola, policies and procedures of Cibola, the

events and circumstances alleged in the Complaint, the claims and defenses asserted in this case, and any other relevant facts related to or arising from this matter.

    5.        Joseph R. Bounds, N.P. ("NP Bounds")
             c/o STRUCK LOVE ACEDO, PLC
             3100 West Ray Road, Suite 300
             Chandler, AZ 85226
             (480) 420-1600

             And

             c/o KENNEDY, MOULTON & WELLS, P.C.
             2201 San Pedro N.E., Bldg. 3, Suite 200
             Albuquerque, NM 87110
             (505) 844-7887

NP Bounds may testify consistent with any deposition testimony he may give regarding the incident that forms the basis of the Complaint, his care and treatment provided to James Ramirez, any alleged injuries and damages of James Ramirez, and the defenses being asserted, as well as any other facts in his personal knowledge that are related to the claims and defenses in this matter.

    6.        Medical Providers and Representatives for Correctional Medicine Associates
             c/o STRUCK LOVE ACEDO, PLC
             3100 West Ray Road, Suite 300
             Chandler, AZ 85226
             (480) 420-1600

             And

             c/o KENNEDY, MOULTON & WELLS, P.C.
             2201 San Pedro N.E., Bldg. 3, Suite 200
             Albuquerque, NM 87110
             (505) 844-7887

Medical Providers and Representatives for Correctional Medicine Associates may testify consistent with any deposition testimony they may give regarding the incident that forms the basis of the Complaint, their care and treatment provided to James Ramirez, any alleged injuries and damages of James Ramirez, and the defenses being asserted, as well as any other facts in their

personal knowledge that are related to the claims and defenses in this matter.

> 7.    Keith Ivens, M.D. ("Dr. Ivens")
> c/o STRUCK LOVE ACEDO, PLC
> 3100 West Ray Road, Suite 300
> Chandler, AZ 85226
> (480) 420-1600
>
> And
>
> c/o KENNEDY, MOULTON & WELLS, P.C.
> 2201 San Pedro N.E., Bldg. 3, Suite 200
> Albuquerque, NM 87110
> (505) 844-7887

Dr. Ivens may testify consistent with any deposition testimony he may give regarding the incident that forms the basis of the Complaint, his care and treatment provided to James Ramirez, any alleged injuries and damages of James Ramirez, and the defenses being asserted, as well as any other facts in his personal knowledge that are related to the claims and defenses in this matter.

> 8.    Emergency Medical Services and technicians, including but not limited to:
> N. Dominguez, EMT
> J. Serreno, EMT
> Contact information to be supplemented.

> 9.    Treating medical and mental health professionals who were involved in the care and treatment of James Ramirez.

> 10.    Correctional and healthcare providers involved with Mr. Ramirez, including but not limited to those involved with Mr. Ramirez' admission to Patton State Hospital.

> 11.    Lauren A. Decker, MD, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Dr. Decker is the medical examiner who performed Decedent's autopsy on February 16, 2022. Dr. Decker is expected to testify consistent with the Postmortem Examination Report (OMI Case Number 2022-01495) she prepared on May 17, 2022. Dr. Decker is also expected to testify regarding her opinions on

Decedent's cause of death and the basis for her opinions, including but not limited to, the investigative history as available to her and the forensic examination findings.

12.    Aidan Kerr, MD, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Dr. Kerr assisted Dr. Decker with Decedent's autopsy on February 16, 2022. Dr. Kerr is expected to testify consistent with the Postmortem Examination Report (OMI Case Number 2022-01495) prepared by Dr. Decker on May 17, 2022. Dr. Kerr is also expected to testify regarding his opinions on Decedent's cause of death and the basis for his opinions, including but not limited to, the investigative history as available to him and the forensic examination findings.

13.    Janice L. Blevins, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Ms. Blevins is a Central Office Investigator with the NM Office of the Medical Investigator. Ms. Blevins is expected to testify consistent with her investigation of Decedent's death associated with OMI Case Number 2022-01495. She is also expected to testify regarding any documents that she signed, reviewed, or authored regarding Decedent.

14.    LaDerna Hassell, c/o NM Office of the Medical Examiner, University of New Mexico, MSC07 4040, Albuquerque, NM, 87131, (505) 272-3053. Ms. Hassell is a Field Investigator with the NM Office of the Medical Investigator. Ms. Hassell is expected to testify consistent with her investigation of Decedent's death associated with OMI Case Number 2022-01495. She is also expected to testify regarding any documents that she signed, reviewed, or authored regarding Decedent.

15.    Any additional witnesses identified or learned through the course of discovery to the extent that they are not objected to.

16.     Any witnesses identified by any other party to this action, identified on any witness lists and amended witness lists submitted by any other party, and/or called by any other party at trial in this matter, to the extent that they are not objected to.

17.     Any witness necessary to authenticate any document in this matter.

18.     Any other impeachment and/or rebuttal witness, not yet identifiable.

19.     Rebuttal witnesses and/or those witnesses needed for purposes of impeachment, as necessary.

Discovery is ongoing and Dr. Larson reserves the right to supplement and/or amend this Preliminary Disclosure of Fact Witnesses in accordance with the Court's Scheduling Order.

## EXPERTS

### PLAINTIFF'S EXPERTS

1.   A.E. Daniel, M.D., 33 E. Broadway, Suite 115, Columbia, MD 65203. Dr. Daniel may testify as to the standards of care of his profession, and the breach of these standards by Defendants. Additional details of Dr. Daniel's expected testimony will be provided as required in Plaintiff's future disclosures.

2.   Eliot H. Blum, MD, FACEP, FAAEM, Assistant Professor, Emory University School of Medicine, Department of Emergency Medicine, 531 Asbury Circle, Annex Building, Suite N340, Atlanta, GA 30322. Dr. Blum may testify as to the standards of care of his profession, and the breach of these standards by Defendants. Additional details of Dr. Blum's expected testimony will be provided in Plaintiff's future disclosures.

3.   Additional expert witnesses not yet identified. Plaintiff expressly reserves the right to identify experts in accordance with the deadlines established by this court.

## CORECIVIC DEFENDANTS' EXPERTS

1.    Charles Keeton, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. Mr. Keeton is a Managing Director for CoreCivic and is expected to testify consistent with his expert disclosure in Fourth Judicial District Case No. D-412-CV-2023-00241 regarding CoreCivic's care and custody of Decedent at CCCC. CoreCivic Defendants reserve the right to supplement Mr. Keeton's disclosure to the extent that new information, testimony, or documents are obtained through the course of discovery in this case.

2.    Joseph Penn, MD, c/o Jacob B. Lee and Anne M. Orcutt, 3100 West Ray Road, Suite 300, Chandler, AZ 85226, (480) 420-1600 and Deborah D. Wells and Debra J. Moulton, 2201 San Pedro N.E., Bldg. 3, Suite 200 Albuquerque, NM 87110, (505) 844-7887. Dr. Penn is a board certified psychiatrist and was retained by CoreCivic Defendants to provide a forensic and correctional psychiatric review of the psychiatric, medical, and mental health treatment provided to Decedent at CCCC. Dr. Penn will testify consistent with his expert report disclosed in Fourth Judicial District Case No. D-412-CV-2023-00241. CoreCivic Defendants reserve the right to supplement Dr. Penn's disclosure to the extent that new information, testimony, or documents are obtained through the course of discovery in this case.

3.    CoreCivic Defendants reserve the right to disclose additional experts in accordance with the deadlines established by this Court.


## DR. LARSON'S EXPERT WITNESSES

1.    Kelsey M. Flint, M.D.
       700 North Colorado Blvd., Suite 727
       Denver, Colorado 80206

(303) 681-8596

Kelsey M. Flint, M.D. is designated as a testifying expert cardiologist. Dr. Flint's opinions and anticipated testimony are based upon her review of the subject materials and records as well as her training, education, experience, expertise, and knowledge in the field of cardiology. She is expected to comment regarding expert opinions offered on behalf of other parties in this matter and this testimony may address the methodology employed by these experts as well as their opinions. Discovery continues and expert depositions have just begun. Dr. Larson reserves the right to supplement this disclosure as more information is obtained. Dr. Flint may also provide rebuttal testimony. Dr. Flint will testify about causation and the lack thereof, according to her attached report.

Dr. Flint will testify about her education, training, experience, and qualifications used to render opinions in this case, as well as the materials she has reviewed and relied upon in formulating her opinions. She may rely on medical literature, including articles authored or reviewed by both plaintiff and defense experts.

Additionally, Dr. Flint may testify regarding the mental impressions and opinions of Plaintiff's expert witnesses and health care providers. Dr. Larson reserves the right to offer testimony from Dr. Flint which is consistent with the scope of this designation and the field of cardiology. Dr Flint's review of this case is ongoing, and her opinions are subject to change, revisions, and/or supplementation should new evidence, records, or other relevant information become available.

2.  Sajid Khan, M.D.
    2409 Falcon Pass Dr., Suite 100
    Houston, Texas 77062
    (913) 271-4142

Dr. Khan is designated as a testifying expert emergency physician. Dr. Khan's opinions and anticipated testimony are based upon his review of the subject materials and records as well as his training, education, experience, expertise, and knowledge in the field of emergency medicine. He is expected to comment regarding expert opinions offered on behalf of other parties in this matter and this testimony may address the methodology employed by these experts as well as their opinions. Discovery continues and expert depositions have just begun. Dr. Larson reserves the right to supplement this disclosure as more information is obtained. Dr. Khan may also provide rebuttal testimony.

Dr. Khan will testify about the applicable standard of care, and that Dr. Larson met the standard of care for an emergency medicine physician when providing care and treatment for the patient. He will also testify that Dr. Larson acted according to the standard of care and his actions or omissions did not cause any injury to the patient. In addition, he will testify about Dr. Larson's role in the management of the patient's healthcare. He will testify about the patient's history, symptoms, complaints, examinations, diagnostic studies, diagnosis, care, treatment, and all other subjects reflected in the patient's medical records. He will also testify regarding issues related to the cause of the patient's alleged death and that Dr. Larson did not cause any alleged injury to the patient which lead to his death. He

will rebut the allegations against Dr. Larson, including allegations made by Plaintiff and his designated experts. He will testify regarding all issues raised in pleadings, discovery responses, depositions, expert reports, and all medical literature produced in this matter.

Dr. Khan will testify about his education, training, experience, and qualifications used to render opinions in this case, as well as the materials he has reviewed and relied upon in formulating his opinions. He may rely on medical literature, including articles authored or reviewed by both plaintiff and defense experts.

Additionally, Dr. Khan may testify regarding the mental impressions and opinions of Plaintiff's expert witnesses and health care providers. Dr. Larson reserves the right to offer testimony from Dr. Khan which is consistent with the scope of this designation. Dr. Khan's review of this case is ongoing, and his opinions are subject to change, revisions, and/or supplementation should new evidence, records, or other relevant information become available.

3.  Wayne Snodgrass, M.D., PhD
    UTMB – Clinical Pharmacology
    301 University Blvd.
    Galveston, Texas 77555
    (281) 384-6686

Dr. Snodgrass is designated as a testifying expert toxicologist. Dr. Snodgrass' opinions and anticipated testimony are based upon his review of the subject materials and records as well as his training, education, experience, expertise, and knowledge in the field of pharmacology-toxicology. He is expected to comment regarding expert opinions offered on behalf of other parties in this matter and this testimony may address the methodology employed by these experts as well as their opinions. Dr. Larson reserves the right to supplement this disclosure as more information is obtained. Dr. Snodgrass may also provide rebuttal testimony.

Dr. Snodgrass will testify regarding causation and toxicology issues. He will rebut the allegations against Dr. Larson, including allegations made by Plaintiff and his designated experts. He will testify regarding all issues raised in pleadings, discovery responses, depositions, expert reports, and all medical literature produced in this matter. Dr. Snodgrass will testify about his education, training, experience, and qualifications used to render opinions in this case, as well as the materials he has reviewed and relied upon in formulating his opinions. He may rely on medical literature, including articles authored or reviewed by both plaintiff and defense experts.

Additionally, Dr. Snodgrass may testify regarding the mental impressions and opinions of Plaintiff's expert witnesses and health care providers. Dr. Larson reserves the right to offer testimony from Dr. Snodgrass which is consistent with the scope of this designation. Dr. Snodgrass' review of this case is ongoing, and his opinions are subject to change, revisions, and/or supplementation should new evidence, records, or other relevant information become available.

4.      Dr. Larson may also call as non-retained experts, any of James Ramirez' treating physicians and medical care providers, either past or present. These individuals may be called on to give testimony in the form of independent expert opinions within their respective areas of experience, qualifications, education, training and expertise. Dr. Larson reserves the right to expand upon this designation as discovery is completed and the identity of such experts is made known.

5.      Dr. Larson additionally designates the medical and healthcare providers and doctors that treated James Ramirez before or after Ramirez' evaluation and treatment at the emergency room of Cibola General Hospital as non-retained experts to testify in their respective fields of expertise, if any, or in rebuttal to any expert or other testimony or evidence offered by any other party in this case, including but not limited to OMI pathologists. These healthcare providers and doctors are listed in Plaintiff's discovery responses, and any supplements thereto, which are incorporated herein by reference. Dr. Larson designates these experts to testify on any subject matter within their respective areas of expertise. Their opinions would be contained in their records. They may be called upon to explain and expound upon entries in their records and matters reasonably related thereto. They may be called upon to testify regarding the nature and extent of James Ramirez' injuries.

6.      Dr. Larson reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

7.      Dr. Larson reserves the right to elicit by direct or cross-examination the opinion testimony of experts designated by Plaintiff and Co-Defendants to the extent that they are not objected to. Dr. Larson may introduce testimony and/or records from any expert who has been identified or who in the future is identified as an expert by Plaintiff or Co-Defendants. These individuals may be called on to give testimony in the form of independent expert opinions within their respective areas of experience, qualifications, education, training and expertise.

8.      Dr. Larson reserves the right to call undesignated rebuttal expert witnesses whose testimony cannot be reasonably foreseen until the presentation of the evidence.

9.      Dr. Larson reserves the right to designate additional experts and/or provide reports at a later date, if necessary, court ordered, and/or appropriate, upon receipt of more detail as to the opinions and testimony of experts designated by Plaintiff.

10.     Dr. Larson reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not be violative of any existing court order or the New Mexico Rules of Civil Procedure.

11.     Dr. Larson further reserves the right to expand reasonably the scope of the opinions and testimony of the above-named experts as necessary and/or appropriate and as may be developed during any deposition or trial testimony given herein.

## EXHIBITS

### PLAINTIFF'S EXHIBITS

Plaintiff identifies the following exhibits he may offer in support of his claims:

1. Plaintiff's CCCC inmate file;

2. Plaintiff's complete medical records, records maintained and produced by CoreCivic and Cibola General Hospital;

3. Depositions taken in this matter, including all deposition exhibits;

4. Any document identified during any deposition taken in this matter;

5. CoreCivic and Cibola General Hospital policies and procedures

6. Any and all documents listed or disclosed in any fashion to any party in this matter.

7. Any and all documents relied upon by any expert.

8. Plaintiff expressly reserves the right to identify additional documents in accordance with the deadlines established by the Court.

### DEFENDANTS' EXHIBITS

### CORECIVIC DEFENDANTS' EXHIBITS

CoreCivic Defendants identify the following exhibits they may offer in support of their defenses:

1. 5-1 Incident Packet for February 14, 2022;

2. 5-1 Incident Packet for February 15, 2022;

3. Milestone surveillance video;

4. Handheld video;

5. Decedent's CCCC medical file;

6. Decedent's CCCC Allscripts record;

7. Decedent's CCCC institutional file;

8.  Decedent's CCCC inmate telephone calls and phone call log;

9.  Decedent's CCCC tablet messages;

10. Decedent's CCCC commissary report;

11. Decedent's CCCC housing history;

12. Decedent's CCCC OMS notes;

13. Decedent's CCCC confinement records;

14. CCCC staff rosters;

15. CCCC ACA records;

16. CCCC policies and post orders;

17. CCCC inmate handbook;

18. Decedent's medical records from Cibola General Hospital;

19. Decedent's medical records from Patton State Hospital;

20. New Mexico Office of the Medical Examiner Report 2022-01495;

21. Expert report of Charles Keeton in Fourth Judicial District Case No. D-412-CV-2023-00241;

22. Expert report of Joseph Penn, MD in Fourth Judicial District Case No. D-412-CV-2023-00241;

23. Documentation relied upon and/or produced by any expert to offer testimony at trial;

24. Deposition transcripts taken in this matter or in Fourth Judicial District Case No. D-412-CV-2023-00241, unless otherwise objected to;

25. Demonstrative exhibits as needed for use at trial;

26. Without waiving objections, any and all exhibits identified by any other party, even if later withdrawn;

27. Without waiving objections, any and all documents listed, identified, or produced by any party in response to response to interrogatories, requests for production, or requests for admissions;

28. Without waiving objections, all responses by any party to interrogatories, requests for production, or requests for admissions, including supplemental responses;

29. CoreCivic Defendants reserve the right to identify additional documents/tangible evidence in accordance with the deadlines set by the Court in this matter.

## DR. LARSON'S EXHIBITS

1. Dr. Larson identifies the following exhibits he may offer in support of his claims:

2. Plaintiff's CCCC inmate and related files;

3. Plaintiff's complete medical records, including but not limited to records maintained and produced by CoreCivic and Cibola General Hospital;

4. Depositions taken in this matter, including all deposition exhibits, to the extent they are not objected to;

5. Any document identified during any deposition or discovery taken in this matter, to the extent they are not objected to;

6. CoreCivic and Cibola General Hospital policies and procedures to the extent they are not objected to;

7. Expert reports and medical literature;

8. Any and all discovery and/or documents listed or disclosed in any fashion to any party in this matter, to the extent they are not objected to;

9. Any and all documents relied upon by any expert, to the extent they are not objected to.

10. Dr. Larson expressly reserves the right to identify additional documents in accordance with the deadlines established by the Court.

## PRETRIAL MOTIONS

Plaintiff intends to file: discovery motions if/as needed, dispositive motions, motions *in limine*, Daubert motions, and any other pretrial motions as needed.

The Defendants intend to file: discovery motions if/as needed, dispositive motions, motions *in limine*, *Daubert* motions, and any other pretrial motions as needed

## ESTIMATED TRIAL TIME

The parties estimate trial will require 7 days.

_____This is a non-jury case.

X_____This is a jury case.

The parties request a pretrial conference 45 days prior to date set for trial.

## SETTLEMENT

The parties believe that mediation of this matter would be beneficial and request a mediation conference be set for November 2025, or earlier if the respective schedules of the Court, counsel, and parties/party representatives permit.

## EXCEPTIONS

**Plaintiff**

Plaintiff has filed a Motion to Remand to state court and submission of this is not in any way intended to waive its jurisdictional arguments. Should this matter remain in federal court, the Court should impose its own deadlines and not rely on any state court deadlines. Further, with the addition of two new defendants (Ivens and CMA), Plaintiff should be allowed to fully investigate its claims in discovery against the Defendants as well be able to retain experts against the new defendants.

**CoreCivic Defendants**

The parties completed full discovery, including disclosure of experts, as to Plaintiff's claims against Defendants CoreCivic, Bounds, and Larson in the state court action. Accordingly, Defendants object to any new discovery or disclosure of new expert opinions as to Defendants CoreCivic, Bounds, and Larson and ask that discovery and disclosure of expert opinions be limited to the two new parties (CMA and Dr. Ivens) added by Plaintiff in his FAC.

**Defendant Larson**

Plaintiff filed a lawsuit arising out of the same facts as this case but asserting state-law claims in the Fourth Judicial District Court, County of San Miguel, on July 17, 2023, Case No. D-412-CV-2023-00241 ("State Case"). The parties completed discovery, including expert disclosures, in the State Case prior to the removal of this case by newly added Defendants[4]. Defendant Dr. Larson filed two Partial Motions for Summary Judgment in the State Case on February 10, 2025. Because Plaintiff's claims in this case arise out of the same underlying set of facts and are essentially the same proceeding, Defendants contend that the scope of discovery in this case should be limited to discovery pertaining to the new Defendants who were not already subject to discovery in the State Case. Specifically, Plaintiff should be precluded from obtaining additional discovery, including but not limited to new experts and/or new opinions pertaining to CoreCivic, Nurse Bounds, CGH, and Dr. Larson.

---

[4] CoreCivic Defendants have not yet filed dispositive motions in the State Case, as the Court granted their Unopposed Motion to Stay Remaining Deadlines, including the dispositive motions deadline, on February 25, 2025, pending the outcome of Plaintiff's Motion for Leave to Amend Complaint and Motion to Vacate Scheduling Order and Reset Trial Setting. The court granted the Motion for Leave to Amend, allowing Plaintiff to file his First Amended Complaint, which added new defendants. Two of those defendants—Correctional Medicine Associates, P.C. and Dr. Keith Ivens—removed the matter to federal court on April 25, 2025 pursuant to 28 U.S.C. § 1442(a)(1). (Dkt. 1, No. 1:25-cv-00395-KK-JMR, D.N.M.)

APPROVED WITH EXCEPTIONS
(noted above)

GUEBERT GENTILE PIAZZA & JUNKER P.C.


By _____*/s/ Elizabeth M. Piazza*_____
         Elizabeth M. Piazza
         P.O. Box 93880
         Albuquerque, NM  87109
         (505) 823-2300
         epiazza@guebertlaw.com


-and-
COLLINS & COLLINS, P.C.

         _*/s/ Rebekah Wright*_____
         Parrish Collins
         Rebekah Wright
         P. O. Box 506
         Albuquerque, NM  87103
         505-242-5958
         parrish@collinsattorneys.com
         rebekah@collinsattorneys.com

         *Attorneys for Plaintiff*


STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By _____*/s/ Anne M. Orcutt*_____
         Jacob B. Lee
         Anne M. Orcutt
         3100 West Ray Road, Suite 300
         Chandler, AZ 85226
         (480) 420-1600
         jlee@strucklove.com
         aorcutt@strucklove.com


         -AND-

KENNEDY, MOULTON & WELLS, P.C.
Deborah D. Wells
Debora J. Moulton
2201 San Pedro N.E., Bldg. 3, Suite 200
Albuquerque, NM 87110
(505) 844-7887
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorney for Defendants CoreCivic and*
*Joseph Bounds*

MAYER LLP


By    */s/ Veronica Mireles*
Jessica D. Marshall
Veronica Mireles
9400 Holly Avenue, Bldg 3
Albuquerque, NM 87122
(505) 483-1840
jmarshall@mayerllp.com
vmireles@mayerllp.com
*Attorneys for Defendant Joshua Larson*